UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 20-113(3)(DSD/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| MOHAMED HUSSEIN ABDI, | |
| Defendant. | |

---

On November 24, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered General Order No. 22, which continued all in-person hearings, unless the presiding judge determines that an in-person hearing is necessary, through January 31, 2021, and states that no new criminal trial may commence before February 1, 2021. See General Order No. 22 in re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19 (November 24, 2020)[1]. General Order No. 22 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19. General Order No. 22 also vacates General Order 18, entered on August 27,

---

[1] All General Orders related to the COVID-19 outbreak may be found on the court's website at www.mnd.uscourts.gov.

2020, which addressed criminal proceedings and trials, and General Order 20, entered on November 4, 2020, which addressed jury trials.[2]

General Order No. 22, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and the extension of that order; (3) the Governor of the State of Minnesota

---

[2] On March 13, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered a General Order continuing all jury trials through April 27, 2020, and continuing all trial specific deadlines in criminal cases through April 27, 2020. See General Order in re: Court Operations Under the Exigent Circumstances Created by COVID-19 (March 13, 2020). On March 17, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered General Order No. 2 continuing all criminal proceedings, including grand juries, through April 16, 2020. See General Order No. 2 in re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19 (March 17, 2020). On April 15, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered General Order No. 9, which continued all criminal proceedings that cannot be conducted using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available, with the consent of the defendant after consultation with counsel until May 17, 2020. See General Order No. 9 in re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19 (April 15, 2020). On May 15, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered General Order No. 14, which continued all criminal proceedings that cannot be conducted using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available, until July 5, 2020. See General Order No. 14 in re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19 (May 15, 2020). On June 26, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered General Order 17, which allowed for limited in-person proceedings to start on July 13, 2020, for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. General Order 17 also noted that criminal jury trials may take place after July 6, 2020. See General Order No. 17 in re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19 (June 26, 2020). On August 27, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered General Order No. 18, which resumed limited jury trials in September 2020 but provided that because only a limited number of trials may take place at the same time, criminal jury trials may be continued until the date that the criminal jury trial commences. See General Order No. 18 in re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19 (August 27, 2020). Then, on November 4, 2020, the Chief Judge of the U.S. District Court, District of Minnesota entered General Order No. 20, which continued all jury trials not yet commenced as of the date of the order through December 31, 2020.

issuing Emergency Executive Order 20-99, Implementing a Four Week Dial Back on Certain Activities to Slow the Spread of COVID-19, which imposes certain restrictions on Minnesota residents; (4) the COVID-19 restrictions imposed by local detention facilitates that impact the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (5) the Bureau of Prisons modified operations that affects inmate movement; (6) the resumption of limited in-person criminal hearings in July 2020 and the resumption of limited jury trials in September 2020; (7) Minnesota's current high COVID-19 infection rates, with active COVID-19 cases at record highs; and (8) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. Specifically, Order No. 22 states the following concerning the Speedy Trial Act:

> If the criminal jury trial must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants

> under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, or the date of the indictment, whichever is later, to the date that the criminal jury trial commences.

The defendant is awaiting a jury trial and due to the challenges created by COVID-19, the Court unable to commence the jury trial until July 12, 2021.

For the reasons addressed in General Order No. 22, the well-documented concerns about COVID-19, the trial is unable to commence until July 12, 2021, the Court specifically finds that the ends of justice served by ordering the extension outweighs the best interests of the public and the defendant's right to a speedy trial, under 18 U.S.C. § 3161(h)(7)(A). In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances. Accordingly, the time period between June 30, 2020 and July 12, 2021, will be excluded under the Speedy Trial Act, absent further order of the Court.

IT IS SO ORDERED

Dated: January 8, 2021                              s/David S. Doty
                                                    David S. Doty, Judge
                                                    United States District Court