UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-113 (DSD/BRT)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MOHAMED HUSSEIN ABDI,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Mohamed Hussein Abdi (hereinafter referred to as "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges.** Defendant agrees to plead guilty to Count 1 of the Information, which charges the defendant with Conspiracy to Commit Arson, in violation of 18 U.S.C. §§ 371 and 844(i). The Government agrees to move to dismiss the Indictment against Defendant at the time of sentencing.

2.   **Factual Basis.** Defendant is pleading guilty because he is in fact guilty of Count One of the Information. In pleading guilty, Defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines.

On or about May 28, 2020, Defendant, along with others (collectively, the "co-conspirators"), knowingly and intentionally conspired to damage and destroy, and attempt to damage and destroy, by means of fire, the Gordon Parks High School. Defendant does not dispute that Gordon Parks High School is a building used in interstate or foreign commerce and in activity affecting interstate or foreign commerce. Defendant agrees that it was part of the conspiracy that, on May 28, 2020, Defendant and other individuals gathered near the Gordon Parks High School, located at 1212 University Avenue West in St. Paul, in the State and District of Minnesota, and thereafter collectively engaged in conduct designed to maliciously damage or destroy the building by means of a fire.

Defendant agrees that he voluntarily and intentionally joined an agreement with co-conspirators to set a fire in the high school building. At the time Defendant joined in the agreement, Defendant knew the purpose of the agreement, which was to commit an act of arson at the high school. While the agreement was in effect, Defendant and other co-conspirators committed, directly and through others, certain overt acts, in furtherance of the conspiracy and to achieve its objects, including but not limited to the following conduct.

Defendant and co-defendant Jose Felan, in conversation with one another, agreed to assist each other in setting a fire within the high school. Defendant and Felan punched and kicked the glass out of a door leading to the school cafeteria. Defendant and Felan entered the school, and Defendant poured accelerant on the floor of the school cafeteria and inside a trashcan. Defendant made several attempts to light the accelerant. Eventually, using a piece of clothing provided by Felan, Defendant started a fire in the trashcan. Defendant tipped the trashcan over towards the trail of accelerant on the cafeteria floor and fled the

school. Defendant agrees that he knowingly and voluntarily engaged in this conspiracy to commit arson.

3. **Other Relevant Conduct.** Defendant agrees that he, along with others known and unknown, assisted in the following criminal conduct:

    a. throwing rocks at responding law enforcement officers; and

    b. breaking a window at Discount Tire located at 1350 University Avenue West in St. Paul, Minnesota.

4. **Waiver of Indictment.** Defendant agrees to waive indictment by a grand jury on this charge and to consent to the filing of a criminal information. Defendant further agrees to execute a written waiver of Defendant's right to be indicted by a grand jury on this offense.

5. **Waiver of Pretrial Motions.** Defendant understands and agrees that defendant has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Defendant knowingly, willingly, and voluntarily gives up the right to file pretrial motions in this case.

6. **Statutory Penalties.** The parties agree that Count 1 of the Information carries statutory penalties of:

    a. no mandatory minimum sentence;

    b. a maximum of 5 years' imprisonment;

    c. a supervised release term of not more than 3 years;

    d. a fine of up to $250,000;

      e.      a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

      f.      assessment to Defendant of the costs of prosecution (as defined in 28 U.S.C. §§ 1918(b) and 1920); and

      g.      payment of mandatory restitution under 18 U.S.C. § 3663A in an amount to be determined by the Court.

7.    **Revocation of Supervised Release.** Defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8.    **Guideline Calculations.** The parties acknowledge that Defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

      a.      <u>Base Offense Level</u>. The parties agree that the base offense level for conspiracy to commit arson is 24 because Gordon Parks High School is a place of public use. U.S.S.G. §§ 2X1.1(a), 2K1.4(a)(1).

      b.      <u>Specific Offense Characteristics</u>. The parties agree that no specific offense characteristics apply.

      c.      <u>Acceptance of Responsibility</u>. The Government agrees to recommend that Defendant receive a three-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, Defendant understands and agrees that this recommendation is conditioned upon the following: (i) Defendant testifies truthfully during the change of plea and sentencing hearings, (ii) Defendant provides complete and truthful information to the

          Probation Office in the pre-sentence investigation, and (iii) Defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1. The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

    d.    <u>Criminal History Category</u>. Based on information available at this time, the parties believe that Defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status (which might impact Defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

    e.    <u>Guideline Range</u>. With an adjusted offense level of 21, and a criminal history category of I, the Sentencing Guidelines range is 37–46 months of imprisonment.

    f.    <u>Fine Range</u>. With the adjusted offense level of 21, the fine range is $15,000 to $150,000. U.S.S.G. § 5E1.2(c)(3).

    g.    <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least 1 year up to a maximum supervised release term of 3 years. U.S.S.G. § 5D1.2(a)(2)

    h.    <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

9.    **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline

calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

10. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which Defendant is convicted. U.S.S.G. § 5E1.3. Defendant agrees to pay the special assessment at or prior to sentencing.

11. **Restitution.** Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order Defendant to make restitution to Gordon Parks High School for any costs incurred as a result of Defendant's conduct. Furthermore, Defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), to pay restitution to Discount Tire for replacement of the window that Defendant broke.

12. **Forfeiture.** Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of his violation of 18 U.S.C. § 371, and pursuant to 18 U.S.C. § 844(c) and 28 U.S.C. § 2461(c), any explosive materials involved, or used, or intended to be used, in that violation. The United States reserves its right to seek a money judgment forfeiture, to forfeit substitute assets, and to forfeit any additional directly forfeitable property.

13. **Disclosure of Assets.** Defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which Defendant

6

has any right, title, or interest, or over which he exercises control, directly or indirectly, including the assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. Defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. Defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning Defendant's assets and expressly authorizes the United States to obtain a credit report on Defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, Defendant agrees to submit to one or more asset interviews or depositions under oath.

14.     **Waivers of Appeal and Collateral Attack.** Defendant understands that 18 U.S.C. § 3742 affords Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal his sentence so long as his sentence is not greater than 46 months' imprisonment. The Government reciprocally waives its right to appeal so long as Defendant is sentenced to at least 37 months' imprisonment.

In addition, Defendant expressly waives the right to petition for postconviction relief under 28 U.S.C. § 2255, but reserves the right to raise the issue of ineffective assistance of counsel. Defendant has discussed these rights with his attorney. Defendant

understands the rights being waived, and Defendant waives these rights knowingly, intelligently, and voluntarily.

15. **FOIA Requests.** Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and Defendant.

Date: 03/22/2021

ERICA H. MacDONALD
United States Attorney

_____
BY: EMILY A. POLACHEK
MELINDA A. WILLIAMS
Assistant U.S. Attorneys

Date: 3/19/2021

_____
MOHAMED HUSSEIN ABDI
Defendant

Date: 3-19-2021

_____
RYAN GARRY
DANIEL S. ADKINS
Counsel for Defendant

8