UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-113 (3) (DSD/BRT)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MOHAMED HUSSEIN ABDI,

    Defendant.

**GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota, and Emily Polachek and Melinda A. Williams, Assistant United States Attorneys, hereby submits its position with respect to sentencing of Defendant Mohamed Hussein Abdi. Absent any further motions that may be filed with respect to this Defendant, the Government recommends a Guidelines sentence as a sentence that is sufficient but not greater than necessary.

## RELEVANT FACTS

The Government agrees with and incorporates by reference the facts from the Offense Conduct section of the Presentence Report (ECF No. 99, ¶¶ 11–31), as well as the factual basis from the Plea Agreement (ECF No. 48, ¶¶ 2–3).

In late May 2020, the murder of George Floyd led to widespread protest in the Twin Cities area. According to Defendant, his response to Mr. Floyd's murder began with participation in peaceful protests. PSR ¶ 37. On the evening of May 28, 2020,

however, Defendant went to the Midway neighborhood in St. Paul, Minnesota, and joined others in mindless destruction against innocent neighborhoods and small businesses through arson, violence, and looting.

Defendant began his evening of destruction at a BP gas station, where he kicked in the door, allowing others access to the convenience store. PSR ¶ 30. Defendant crossed the street to a Target parking lot, where he threw rocks at law enforcement officers who were trying to disperse the rioting and looting crowds. *Id.* Defendant continued east on University Avenue and encountered codefendant Jose Felan, Jr., who was removing a United States flag from a flagpole outside Gordon Parks High School. PSR ¶ 16. Felan threw the flag on the ground, and Defendant picked it up and lit it on fire. *Id.*

Defendant then joined Felan in setting fire to Gordon Parks High School. PSR ¶ 18. Surveillance footage from the high school showed Defendant and Felan breaking the glass on a cafeteria door that faced the sidewalk. Defendant reached through the broken bottom pane of glass and poured an accelerant onto the floor by the door. Defendant then crawled into the cafeteria, where he located a trashcan and rolled it closer to the door. Defendant poured more accelerant into the trashcan and exited the cafeteria, leaving a trail of fluid behind him. From outside the broken cafeteria door, Defendant tried unsuccessfully to light the trail of accelerant. Rather than walking away at that point, Defendant and Felan tried other means to light a fire in the school. Eventually, Defendant soaked a garment in accelerant and dropped it in the trashcan,

2

causing a blaze. Defendant tipped the can over towards the accelerant-laden floor and ran out of the cafeteria, showing complete disregard for the extent of destruction the fire may cause.



Gordon Parks High School suffered $34,028 in damages as a result of Defendant's conduct.

After setting fire to the high school, Defendant trespassed on other property, including a Discount Tire store on University Avenue. Defendant broke a window and attempted to set fires in the store. PSR ¶ 30.



Defendant was charged by Complaint with arson on June 26, 2021. He was arrested three days later at the airport on his return from visiting family in Seattle. PSR ¶ 28. A federal grand jury charged Defendant with arson, in violation of 18 U.S.C. § 844(i), in a Superseding Indictment filed on July 23, 2020.

Soon after obtaining counsel, Defendant entered plea negotiations with the Government. On March 25, 2021, Defendant fully accepted responsibility for his actions and pleaded guilty to an Information charging him with one count of conspiracy to commit arson, in violation of 18 U.S.C. §§ 371 and 844(i).

## ARGUMENT

### I. THE U.S. SENTENCING GUIDELINES CALCULATIONS

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). The Government agrees with the U.S. Probation's calculation of the applicable Sentencing Guidelines as set out in the PSR. PSR ¶¶ 40–49, 54–55. Pursuant to that calculation, Defendant's calculated total offense level is 21 and criminal history category is I, resulting in an advisory Guidelines range of 37–46 months' imprisonment, to be followed by 1–3 years of supervised release. PSR ¶¶ 78, 82. Because Defendant has pleaded to a Class D felony, he is eligible for probation pursuant to 18 U.S.C. § 3561(c)(1); but Defendant does not qualify for probation under the Sentencing Guidelines, *see* PSR ¶ 84.

### II. THE 18 U.S.C. § 3553(a) FACTORS

Absent any further motions from the Government, a low-end Guidelines sentence is appropriate in this case pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant's crime was serious. While the arson took place on the heels of the tragic murder of George Floyd, Defendant's actions were not an expression of peaceful protest or lawful demonstration. Defendant's conduct was lawless, dangerous, and destructive. His senseless actions undermined and distracted from the many who tried to protest peacefully. And Defendant acknowledged that he had the

clear purpose of trying to destroy and to burn Gordon Parks High School and the Discount Tire store—entities that were blameless in Mr. Floyd's murder.

Defendant's choice to target Gordan Parks High School is especially troubling. The school's population includes many minority students and receives Title I funding as a school with a high incidence of poverty and homeless students. Defendant's actions violated those students' place of learning and diverted funding that should have gone to the students' education.

The Government notes that Defendant has had few contacts with law enforcement and has surely faced struggles as a refugee and immigrant. Defendant is also a young man who lacks any real criminal record. For those reasons, the Government is requesting a sentence at the low end of the Guidelines. But a Guidelines sentence will serve as a specific and general deterrent to ensure that any future protests and demonstrations remain peaceful. For these reasons, absent any further motions, the Government recommends a Guidelines sentence.

## III. RESTITUTION

Pursuant to the parties' plea agreement, ECF No. 48 ¶ 11, the Government asks that the Court order Defendant to be jointly and severally responsible with codefendant Felan for restitution to Gordon Parks High School in the amount of $34,028.

## CONCLUSION

Absent any other motions, the Government recommends that the Court impose a Guidelines sentence.

Dated: January 14, 2022               Respectfully Submitted,

                                      CHARLES J. KOVATS, JR.
                                      Acting United States Attorney

                                      /s/ *Emily Polachek*

                                      BY:  EMILY POLACHEK
                                      MELINDA WILLIAMS
                                      Assistant U.S. Attorneys